1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

| FAYE SLICE, | ) | No. C 10-0838 LHK (PR) |
|---|---|---|
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION |
| | ) | FOR LEAVE TO PROCEED IN |
| v. | ) | FORMA PAUPERIS; ORDER |
| | ) | OF PARTIAL DISMISSAL; |
| PAUL COPENHAVER, Warden, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's motion for leave to proceed in forma pauperis is DENIED. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

A.      **Standard of Review**

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). The court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

1   appears from the application that the applicant or person detained is not entitled thereto."  28

2   U.S.C. § 2243.

3   **B.    Petitioner's Claims**

4          As grounds for federal habeas relief Petitioner first claims that the Federal Bureau of

5   Prisons ("BOP") failed to comply with *Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008).

6   Specifically, Petitioner alleges that the BOP failed to consider the five required criteria as set

7   forth in 18 U.S.C. § 3621(b), which the BOP must consider when making placement and transfer

8   decisions.  As a result, the BOP transferred her to the Dublin Satellite Prison Camp, dubbed a

9   "Drug Camp," even though Petitioner has had no chemical dependency issues or treatment

10  recommendations.  Liberally construed, Petitioner's allegation is sufficient to require a response.

11  The Court orders Respondent to show cause why the petition should not be granted.

12         Petitioner's remaining claims relate to the conditions of her confinement.  For example,

13  Petitioner alleges that the conditions at the Dublin facility are "so squalid so as to constitute

14  gross violations of the Petitioner's 8th Amendment protection against cruel and unusual

15  punishment."  (Petition at 2.)  Petitioner complains of medical issues, unattended to injuries,

16  toxic living conditions, and overcrowding.  These claims are not cognizable in federal habeas

17  corpus.

18         "Challenges to the lawfulness of confinement or to particulars affecting its duration are

19  the province of habeas corpus."  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal

20  quotation marks and citation omitted).  "An inmate's challenge to the circumstances of his

21  confinement, however, may be brought under § 1983."  *Id.*  While the Supreme Court has not

22  addressed whether a challenge to a condition of confinement may be brought in habeas corpus,

23  *see Docken v. Chase*, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that

24  "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a

25  prison condition will not necessarily shorten the prisoner's sentence."  *Ramirez v. Galaza*, 334

26  F.3d 850, 859 (9th Cir. 2003).  Moreover, the Court notes that Petitioner currently has a federal

27  civil rights action in which she raises these allegations and more in *Slice v. Lappin, et al.,* No.

28  09-cv-3253 PJH.  Accordingly, because Petitioner may not proceed with these claims by way of

1  federal habeas corpus, these remaining claims are DISMISSED.

2                                      **CONCLUSION**

3        1.       Petitioner's motion to proceed in forma pauperis is DENIED.  Petitioner must pay

4  the $5 filing fee within **thirty (30) days** of the date of this order or face dismissal of this action

5  for failure to pay the filing fee.

6        2.       The Clerk shall serve by certified mail a copy of this order and the petition and all

7  attachments thereto on Respondent and Respondent's attorney, the United States Attorney for

8  the Northern District of California.  The Clerk shall also send a copy of the petition to the

9  Attorney General of the United States in Washington, D.C.

10        3.       Respondent shall file with the court and serve on Petitioner, within **ninety days** of

11  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

12  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

13  Respondent shall file with the answer and serve on petitioner a copy of all portions of the

14  underlying record that have been transcribed previously and that are relevant to a determination

15  of the issues presented by the petition.

16        If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the

17  court and serving it on Respondent within **thirty days** of the date the answer is filed.

18        3.       Respondent may file a motion to dismiss on procedural grounds in lieu of an

19  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

20  2254 Cases within **ninety days** of the date this order is filed.  If Respondent files such a motion,

21  Petitioner shall file with the court and serve on Respondent an opposition or statement of non-

22  opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the

23  court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

24        4.       It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that

25  all communications with the Court must be served on Respondent by mailing a true copy of the

26  document to Respondent's counsel.  Petitioner must keep the court and all parties informed of

27  any change of address by filing a separate paper captioned "Notice of Change of Address."  She

28  must comply with the Court's orders in a timely fashion.  Failure to do so may result in the

1    dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

2    41(b).

3         IT IS SO ORDERED.

4    DATED:    8/11/10

     LUCY H. KOH
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28