IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE SLICE, ) | No. C 10-0838 LHK (PR) |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | FOR WRIT OF HABEAS |
| v. ) | CORPUS |
| ) | |
| RANDY TEWS, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal prisoner incarcerated at the female minimum security satellite camp prison at Dublin ("SCP Dublin"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed an answer addressing the merits of the petition. Petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the Court concludes that it lacks jurisdiction, and DISMISSES the petition.

**BACKGROUND**

In June 2008, Petitioner was sentenced to a term of 71-months after being convicted of mail fraud and making false statements. (Resp., Ex. 2.) Thereafter, the Federal Bureau of Prisons ("BOP") evaluated Petitioner for classification and designation to determine at which BOP facility she should serve her sentence. (Decl. Rodriguez at ¶¶ 3-4.) The BOP considered

the statutory factors in 18 U.S.C. § 3621(b), information from the courts and the U.S. Marshals, and other information as required by the Inmate Security Designation and Custody Classification, which sets forth the procedures to classify and designate inmates pursuant to, and consistent with, 18 U.S.C. § 3621(b). (*Id.* at ¶ 4.) After considering the relevant information, the BOP assigned Petitioner to SCP Dublin, where she currently remains.

## DISCUSSION

I.   Standard of Review

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). The Court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

II.   Analysis

Petitioner claims that the BOP failed to place her appropriately in accordance with the five criteria set forth in 18 U.S.C. § 3621(b), pursuant to *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008). She argues that proper consideration of the statutory criteria in Section 3621(b) requires the BOP to redesignate her to the Great Falls Pre-Release Center in Montana.

Under 18 U.S.C. § 3621(b), the BOP has the authority to designate the location of an inmate's imprisonment. *Rodriguez*, 541 F.3d at 1182. That section provides:

> The [BOP] shall designate the place of the prisoner's imprisonment. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the BOP determines to be appropriate and suitable, considering –
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence –
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The [BOP] may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The [BOP] shall make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the BOP under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b). In addition, the BOP has an affirmative duty to consider placing the inmate in a Residential Re-Entry Center ("RRC") or similar pre-release alternative towards the end of the inmate's prison term. *Rodriguez*, 541 F.3d at 1184 (*citing* 18 U.S.C. § 3624(c)). The BOP also has the discretion to transfer inmates to an RRC at anytime. *Rodriguez*, 541 F.3d at 1182, 1185-89.

Federal courts lack jurisdiction to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621. *Reeb v. Thomas*, 636 F.3d 1224, 1226-27 (9th Cir. 2011) (recognizing that the plain language of 18 U.S.C. § 3625 specifically limits judicial review). Federal judicial review does remain available, however, for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. *Id.* at 1227.

Here, Petitioner does not allege that the BOP's action in assigning her to SCP Dublin was contrary to established federal law, violated the United States Constitution, or exceeded its statutory authority. She alleges only that the BOP erred in her particular case. *See Reeb*, 636 F.3d at 1228. Thus, because the BOP placement decision was made pursuant to 18 U.S.C. § 3621(b), *see Reeb*, 636 F.3d at 1226, this Court lacks jurisdiction to review the petition. *See Close v. Thomas*, 653 F.3d 970 973-74 (9th Cir. 2011).

## CONCLUSION

The petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction.

The Clerk shall enter judgment and close the file.

Order Dismissing Petition for Writ of Habeas Corpus
P:\pro-se\sj.lhk\hc.10\Slice838denhc           3

1  IT IS SO ORDERED.

2  DATED: 12/6/11

                                                   LUCY H. KOH
                                                   United States District Judge